UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY M. KING,<br><br>   Plaintiff,<br><br>  v.<br><br>ALEJANDRO TELLEZ, et al.,<br><br>   Defendants. | Case No. 24-cv-05175-JST<br><br>**ORDER OF PARTIAL SERVICE** |

Plaintiff, an inmate currently housed at Correctional Training Facility ("CTF") in Soledad, California, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. In this order, the Court screens Plaintiff's complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

1    grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

2    While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

3    the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

4    A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

5    cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

6    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a

7    right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

8    violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

9    U.S. 42, 48 (1988).

**B.   Complaint**

The complaint names as defendants CTF correctional officer Alejandro Tellez and CTF correctional lieutenant S. Moore. Liberally construed, the complaint states the following cognizable claims. The complaint's allegations that defendant Tellez wrote two false RVRs—RVR Nos. 7254672 and 727246—in retaliation for Plaintiff filing grievances and a lawsuit states a cognizable First Amendment retaliation claim. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.") (footnote omitted). The complaint's allegation that defendant Moore denied Plaintiff witnesses at the hearing for RVR No. 727246 states a cognizable Fourteenth Amendment claim. In *Wolff v. McDonnell*, 418 U.S. 539 (1974) and subsequent cases, the Supreme Court set forth the procedural protections required by the Due Process Clause in prison disciplinary violations hearings: written notice of the charges, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, aid to the accused where the inmate is illiterate or the issues are complex, *see Wolff*, 418 U.S. at 564-67; "some evidence" to support the disciplinary finding, *see Superintendent v. Hill*, 472 U.S. 445, 454 (1985), and some indicia of reliability of the information that forms the

2

basis for the disciplinary actions, *see Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987).

However, the allegation that defendant Moore violated the Fourteenth Amendment when he failed to serve as an impartial arbitrator during the RVR hearing is DISMISSED with prejudice because there is no constitutional right to an impartial arbitrator in a prison disciplinary hearing. The Due Process Clause requires only that prisoners be afforded those procedures mandated by *Wolff* and its progeny; it does not require that prisons comply with their own, more generous procedures. *See Walker v. Sumner*, 14 F.3d 1415, 1419–20 (9th Cir. 1994), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472. A prisoner's right to due process is violated "only if he [is] not provided with process sufficient to meet the *Wolff* standard." *Id*. at 1420.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The following defendant(s) shall be served: Correctional Training Facility officers Alejandro Tellez and S. Moore.

2. Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody. In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (ECF No. 1), this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a

3

1    USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies

2    of this order, the summons, and the operative complaint for service upon each defendant who has

3    not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-

4    Service Waiver.

5         3.    The Court DISMISSES with prejudice the claim that defendant Moore violated the

6    Fourteenth Amendment when he failed to serve as an impartial arbitrator during the hearing for

7    RVR No. 727246.

8         4.    As detailed above, the complaint states a cognizable First Amendment retaliation

9    claim against defendant Tellez, and a cognizable Fourteenth Amendment claim against defendant

10   Moore.

11        5.    In order to expedite the resolution of this case, the Court orders as follows:

12           a.    No later than 91 days from the date this order is filed, Defendant(s) must

13   file and serve a motion for summary judgment or other dispositive motion.  If Defendant(s) is(are)

14   of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform

15   the Court prior to the date the motion is due.  A motion for summary judgment also must be

16   accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what

17   is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir.

18   2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be

19   served concurrently with motion for summary judgment).[1]

20           b.    Plaintiff's opposition to the summary judgment or other dispositive motion

21   must be filed with the Court and served upon Defendant(s) no later than 28 days from the date the

22   motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment

23   provided later in this order as he prepares his opposition to any motion for summary judgment.

24   Defendant(s) shall file a reply brief no later than 14 days after the date the opposition is filed.  The

---

[1] If Defendant(s) assert(s) that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant(s) must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

4

1  motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on
2  the motion.

3        6.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).  (The *Rand* notice above does not excuse Defendants' obligation to serve said notice again concurrently with a motion for summary judgment.  *Woods*, 684 F.3d at 939).

      7.      All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

      8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

      9.      Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the

1  Court informed of any change of address and must comply with the Court's orders in a timely
2  fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
3  to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every
4  pending case every time he is moved to a new facility.

5        10. Any motion for an extension of time must be filed no later than the deadline sought
6  to be extended and must be accompanied by a showing of good cause.  Plaintiff is cautioned that
7  he must include the case name and case number for this case on any document he submits to the
8  Court for consideration in this case.

9  **IT IS SO ORDERED.**

10  Dated:  December 27, 2024



JON S. TIGAR
United States District Judge

6