Anthony M. King (CDCR# F34617)
Correctional Training Facility

P.O. Box 689

Soledad, CA 93960-0689

Plaintiff Pro se

FILED

DEC 22 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY M. KING,<br><br>Plaintiff,<br><br>v.<br><br>TELLEZ, et al.,<br><br>Defendants. | Case No. 5:24-cv-05175-NW (PC)<br><br>PLAINTIFF'S STATEMENT OF DISPUTED FACTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>Judge:        The Honorable Noel Wise<br>Trial Date:   None Set<br>Action Filed: August 15, 2024 |

TO DEFENDANTS TELLEX AND MOORE OPPOSING COUNSELORS:

PLEASE TAKE NOTICE  THAT UNDER Federal Rules of Civil Procedure 55(c)(1), the Plaintiff submits this Statement of Disputed Facts in support with Plaintiff's Opposition to Defendants' Motion For Summary Judgment.  The following material is in dispute:

1.  Plaintiff deny Defendant Tellez contention that "Mr. King shouted at me, 'Hey Tellez! I just got back from Mental Health, nice fucking try! That's a real nice fucking try there!  But guess what? the Doctor said you fucking bias and you fucking racist! But real nice fucking try though."  Also: "And for you to try and do it right before you leave! You're a fucking coward!" "Yeah! You! You a fucking coward!" ( Defendants' Motion for Summary Judgment at p. 3, Lines 12-21;

PLAINTIFF'S STATEMENT OF DISPUTED FACTS                    1

Defendant Tellez's Declaration ¶ 8, attached therewith.)

Plaintiff admit when he returned to his housing unit. Defendant Tellez kind of smile and said mental health huh. I told Defendant Tellez that mental health is aware of you, you've given me ammunition to write with. I'm going to put this on paper because its not cool, you keep sending people to mental health. (See Plaintiff's Affidavit In Support of Opposition, ¶ 36.)

2. I **deny** Defendant Tellez contention that I stated: "You fucking heard me! You know exactly what I said." "You aren't going to put hands on me. I am not listening to you. I'm going to speak to a Sergeant." "You ain't putting your hands on me and I ain't cuffing up!" (Defendant Tellez Declaration ¶ 9, Exh. E.)

Plaintiff deny that conversation never happened between himself and Defendant Tellez. Plaintiff admits he again told Defendant Tellez "All you are giving me things to write up and I am going to write it up." Defendant Tellez than became very irrated. Plaintiff did not "bump into Defendant Tellez's)chest area with my right shoulder and torso area when I passed with my hands up in the air." (See Plaintiff's Affidavit In Support of Opposition, ¶ 37.)

3. Defendant Tellez declare that "At no point on December 22, 2023, did I state to Mr. King, "Hey King! You're a black asshole and we're going to send all you niggers to the SHU who filed that lawsuit against us on the raid." (id., ¶ 37.)

Plaintiff admit that on December 22, 2023, when I returned to my housing unit in the afternoon. Defendant Tellez stated to Plaintiff: "Hey King! You're a black asshold and we're going to send all you niggers to the SHU who filed that lawsuit against us on the raid." (ECF No. 1, ¶7.)

4. Plaintiff **deny** Defendant Tellez contention that he did not make the statement to Plaintiff: "Nigger! Until you changed your story about July 20th, you can expect this. I'm writing you another 115 see you next time!" (Defendant Tellez's Declaration, ¶ 17, Attached Exhibit E.)

PLAINTIFF'S STATEMENT OF DISPUTED FACTS

2

Plaintiff admit that on February 7, 2023 while sitting at the table in the dining hall Defendant Tellez stated to Plaintiff with a mean spirit: "Nigger! Until you changed your story about July 20th, you can expect this. I'm writing you another 115 see you next time! This was just another incident where Defendant Tellez continued to mentioned about my pending lawsuit against CTF. I begin to take it as the Defendant harassing me to drop my lawsuit. (ECF No. 1, ¶¶ 17-18.)

5. Plaintiff **deny** Defendant Tellez's contention that on February 3, 2023 at approximately 0700 hours Plaintiff was standing near a water dispenser with anothe inmare when Defendant Tellez past and I stated to the other inmate calling Defendant Tellez a bitct. Neither did I tell the other alleged inmate: "Yeah him right there, he's a bitch." I have never "stared Defendant Tellez down whenever he may have walked out the dining hall. (See **Plaintiff's Affidavit In Support of Opposition, ¶ 17.**)

Plaintiff admit that on February 3, 2023 he was at his job assignment in the dining hall. Plaintiff **deny** on February 3, 2023 he pointed Defendant Tellez out to another inmate or inmate Harris, CDCR #T25610 telling the inmate "Yeah him right there, he's a bitch." (id.)

## DEFENDANT S. MOORE - DISCIPLINARY HEARING

6. Plaintiff **deny** Defendant Moore statements made approximately nine months _after_ his disciplinary hearing that he did not request Officer Alvarez as a witness. (See Plaintiff's Affidavit In Support of Opposition, ¶ 27)

Plaintiff admit that at the disciplinary hearing on March 3, 2023, he did request for Officer Alvarez to be his defense witness because the Defendant Tellez stated Officer Alvarez was present when Plaintiff allegedly called

PLAINTIFF'S STATEMENT OF DISPUTED FACTS                    3

Defendant Tellez a bitch. (See Plaintiff's Affidavit, ¶ 24.)

7. Plaintiff **deny** Fedendant Moore's contention that I told Defendant Moore "that Officer Alverez did not see anything. Mr. King also stated that Officer Alvarez was in the corridor and not the dining room when the incident occurred." (See Plaintiff's Affidavit Attached Exhibit F, Defendant Moore's Declaration, ¶ 9.)

Plaintiff at admit at his disciplinary hearing he told Defendant Moore that Officer Alvarez told me **"he did not hear me called Defendant Tellez a bitch."** (See Plaintiff's Affidavit In Support of Opposition, ¶ 29.)

8. Plaintiff **deny** Defendant Tellez's contention that Plaintiff stated to Defendant Tellez's: "You fucking heard me! You know exactly what I said." (See Defendants' Motion For Summary Judgment at p. 4, Lines 3-4; Defendant Tellez's Declaration ¶ 9, attached therewith.)

9. On December 31, 2023, During Plaintiff's Grievance investigation at the interview Defendant Moore told the Reviewing Authority that at the Plainti Plaintiff's disciplinary hearing the Plaintiff did not request Officer Alvarez to be his witness. The Reviewing Authority stated: "When asked if the claimant requested Officer Alvarez as a witness, LT Moore affirmed he did not." (See Plaintiff's Affidavit In Support of Plaintiff's Opposition, Exhibit B3-B4 Office of Grievances Decision 4th Paragraph.)

On August 21, 2025, Defendant Moore in her sworned testimony now testify that the Plaintiff,did in fact,"requested Officer S. Alvarez be called as a witness to testify in his defense." (See Declaration of S. Moore, ¶ 9,Lines 8-9 filed In Support of Defendants' Motion For Summary Judgment.)

Plaintiff assert that on March 3, 2023, at his disciplinary hearing he requested Officer Alvarez be called as a witness to testify in his defense and Defendant Moore arbitrarily denied Plaintiff request. (Plaintiff's Affidavit In Support of Plaintiff's Opposition, ¶ 25.)

PLAINTIFF"S STATEMENT OF DISPUTED FACTS          4

10.    Plaintiff deny Defendants contention that on January 8, 2024 the Plaintiff received the Office of grievances decision denying Grievance Log No. 492649. (Defendants' Motion For Summary Judgment, p. 7, Lines 15-17.)

Plaintiff admit that on March 15, 2024, Plaintiff received the Office of Grievances decision beyond the 60 day time constraints to appeal the decision. No faught of Plaintiff. (Plaintiff's Affidavit In Support of Plaintiff's Opposition, ¶¶ 31-32.)

Dated: November 4, 2025                    Respectfully submitted,

                                           ANTHONY M. KING
                                           PLAINTIFF PRO SE

PLAINTIFF'S STATEMENT OF DISPUTED FACTS        5